**Mary Elizabeth HODGSON–ESPINOZA, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

**No. 03–60543 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 25, 2004.

Salvador Colon, Colon & Olvera, Houston, TX, for Petitioner.

Donald Anthony Couvillon, Thomas Ward Hussey, Director, Linda Susan Wendtland, US Department of Justice, Office of Immigration Litigation, John Ashcroft, US Department of Justice, Washington, DC; Hipolito Acosta, US Immigration & Naturalization Service, Houston, TX, Caryl G. Thompson, US Immigration & Naturalization Service, District Directors Office, New Orleans, LA, for Respondent.

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:*

Mary Elizabeth Hodgson–Espinoza petitions this court for review of the order of

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the Board of Immigration Appeals (BIA) affirming the denial of her application for asylum and withholding of deportation. The Respondent's motion seeking summary affirmance is DENIED.

Hodgson–Espinoza argues that she is entitled to asylum based on past persecution and fear of future persecution. This court will uphold the BIA's factual finding that an alien is not eligible for asylum if it is supported by substantial evidence. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). The substantial-evidence standard requires only that the BIA's decision be based on the evidence presented and that the decision be substantially reasonable. *Carbajal—Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir.1996).

The BIA's conclusion that Hodgson–Espinoza failed to show that she suffered from past persecution or that she had a well-founded fear of future persecution related to her political activity was based on the evidence before it and was substantially reasonable. Hodgson–Espinoza has not shown that her testimony would compel a finding of a well-founded fear of persecution. *See INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

We consider Hodgson–Espinoza's asylum claim also as a request for withholding of deportation. Because Hodgson–Espinoza does not meet the standard for asylum, she also does not meet the standard for withholding of deportation. *Efe*, 293 F.3d at 906. Accordingly, Hodgson–Espinoza's petition for review is DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.